UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACEY DAVID JOYNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11602** |
| **ROBERT TANNER, ET AL.** | **SECTION: "A"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Tracey David Joyner, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He sued Robert Tanner, Keith Beckham, Robert Cleveland, Laura Buckly, Beverly Kelly, Floyd Brooks, Casey McVea, Marsha Culpepper, Brink Hillman, Karla Hillman, "Medical Staff," Kevin Luper, Sheret Luper, Billy Anderson, Mike Todd, Gina Todd, and "Security Officials." His statement of his claims, without corrections to grammar or spelling, is as follows:

> Plaintiff primary claims negligent in diagnosing by physician Dr. Casey McVea for Crohn's disease and mere malpractice by Dr. Robert Cleveland due to a tort duty of care. But repeatedly continued treat plaintiff by hearsay of Dr. McVea as his replacement. Which NO records by extensive medical examinations his tested positive diagnoseing plaintiff ever having Crohn diseas. 27 times and 45 doctor visits not one were referrals to offsite doctors. Not one was to be retested by either RCC physicians to be tested for Crohns diseas since 2011-2018. Resulting in side effects, injuries to prescrib med's also retaliation due to nepotism.[1]

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---
[1] Rec. Doc. 6-1, p. 5.

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

As an initial matter, the undersigned notes that plaintiff's complaint qualifies as "malicious."  A complaint is considered malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit."  Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more."  Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

Here, plaintiff candidly admits that he has filed a previous lawsuit based on the same facts alleged in the instant case.[2] That lawsuit was dismissed. Joyner v. Tanner, Civ. Action No. 17-10040, 2018 WL 3682514 (E.D. La. July 9, 2018), adopted, 2018 WL 3657437 (E.D. La. Aug. 2, 2018).[3] Therefore, this attempt to relitigate the case is malicious.

In addition to being malicious, plaintiff's instant lawsuit also suffers from the same defect as his prior one: his underlying claims are frivolous. A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

With respect to plaintiff's medical claim, he can prevail on such a claim only if his serious medical needs have been met with "deliberate indifference" on the part of penal authorities. See Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). However, as the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged

---

[2] Rec. Doc. 6-1, pp. 1-2.
[3] There is one major difference between the cases: in his prior case, plaintiff alleged that he was intentionally misdiagnosed with Crohn's disease by Dr. McVea; here, he alleges that Dr. McVea was merely negligent. Obviously, that change does not aid plaintiff. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

In connection with the prior lawsuit, the undersigned determined that plaintiff's voluminous medical records, which totaled approximately two thousand pages, conclusively disproved any allegation of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Those records showed that plaintiff had been provided with extensive medical testing by medical specialists outside the prison and with continuous medical care inside the prison – and contained no documentation whatsoever contradicting the diagnosis of Crohn's disease. Therefore, plaintiff's claim that he was misdiagnosed with and was wrongly being treated for Crohn's disease was found to be frivolous. It still is.

The Court also determined that plaintiff's retaliation claim was frivolous because he failed to produce direct evidence of retaliatory motivation or allege a chronology of events from which retaliation could plausibly be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 2001). That likewise has not changed.

Simply put: Plaintiff's claims were carefully considered and rejected in his prior lawsuit. If he disagreed with the Court's ruling, his recourse was to file an appeal – not another lawsuit reurging the same claims.

## RECOMMENDATION

It is therefore **RECOMMENDED** plaintiff's complaint be **DISMISSED WITH PREJUDICE** as malicious and/or frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of January, 2019.

                                                  **JANIS VAN MEERVELD**
                                                  **UNITED STATES MAGISTRATE JUDGE**